# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EARL E. STEWARD,

                Petitioner,      :         Case No. 1:10-cv-465

        - vs -                        District Judge Sandra S. Beckwith
                                                    Magistrate Judge Michael R. Merz

Warden, Warren Correctional Institution

                Respondent.      :

## REPORT AND RECOMMENDATIONS

       Petitioner Earl E. Steward was convicted by a jury in the Highland County Common Pleas Court of attempted murder, felonious assault, and a firearm specification.  He brings this habeas corpus action *pro se* under 28 U.S.C. § 2254 raising one ground for relief:

> **Ground One:** The trial court errored by imposing maximum, consecutive prison terms of imprisonment (March 3, 2008).
>
> **Supporting Facts:** May a defendant be sentenced pursuant to a sentencing scheme in which statutory sentencing presumptions have been eliminated subsequent to the commission of the offenses of conviction?  In fact, the courts have violated the Due Process Clauses and effectively change[d] the presumptive sentence to the detriment of the defendant.

(Petition, Doc. No. 1, PageID 5.)

       Attached to the Petition is an exhibit in the form of a Memorandum in Support of Jurisdiction on appeal to the Ohio Supreme Court.  In that document, Petitioner phrases the issue as:

> **Proposition of Law**: The remedy set forth in *State v. Foster,* 109 Ohio St.3d 1,2006-Ohio-856 violates the Due Process Clause of the United States Constitution, as well as Article I, Section 16 of the Ohio Constitution.

*Id.* PageID 14.[1]

On Judge Wehrman's Order (Doc. No. 3), the Warden has filed a Return of Writ (Doc. No. 9). Judge Wehrman also set a date for Petitioner to file a reply of twenty-one days after the Return of Writ (Order, Doc. No. 3, PageID 47). That time expired November 18, 2011, but no reply has been filed. Presumably Petitioner intends to rely on the argument made in the exhibit to his Petition.

In the Return of Writ, the Warden notes that the Fourth District Court of Appeals decided this constitutional claim on the merits and quotes extensively from that opinion (Return, Doc. No. 9, PageID 77-79). When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Brown v. Payton,* 544 U.S. 133, 134 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362 (2000).

In his Memorandum, Mr. Steward relies on *Bouie v. City of Columbia*, 378 U.S. 347 (1964). In *Bouie,* the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry. In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass statute which it applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. That is the most radically unfair sort of retrospective state action: criminalizing primary conduct when it is too late for the subject to conform his conduct to

---

[1] It appears Mr. Steward merely relabeled a document previously filed in the Ohio Supreme Court because he repeatedly refers to what "this court" did in *Foster*.

the prohibition.

However, in *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court distinguished *Bouie* and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Rogers* the Tennessee Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault.  The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights.  In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

This Court and our sister court in the Northern District of Ohio have repeatedly held that the Ohio Supreme Court's severance decision in *State v. Foster* is not unconstitutionally retroactive. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490, 2008 U.S. Dist. LEXIS 80509 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2, 2009)(Beckwith, J.)  Consecutive sentences do not violate Ex Post Facto or Due Process Clause when defendant was always subject to consecutive sentences by virtue of *Oregon v. Ice*. To the same effect is *Lininger v. Welch,* Case No. 3:08-cv-3006 (N.D. Ohio June 23, 2010), citing *McGhee v. Konteh*, No. 1:07CV1408, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008) (Nugent, J.); *Lyles v. Jeffreys*, No. 3:07CV1315, 2008 WL 1886077, at *3, *8-*10 (N.D. Ohio Apr. 24, 2008) (Oliver, J.); *Cooper v. Hudson*, No. 3:07CV610, 2008 WL 2001282, at *9 n.8 (N.D. Ohio May 5, 2008) (Polster, J.); *Watkins v. Williams*, No. 3:07CV1296, 2008 WL 2484188, at *3-*4 (N.D Ohio June 17, 2008) (Adams, J.); *Keith v. Voorhies*, No. 1:06CV2360, 2009 WL 185765, at *11 (N.D. Ohio Jan. 23, 2009) (Lioi, J.); *McKitrick v. Smith*, No. 3:08CV597, 2009 WL 1067321, at *3 (N.D. Ohio Apr. 21, 2009) (Gaughan, J.); *Orwick v. Jackson*, Case No. 3:09CV0232, 2009 WL 4043352, at *4 (N.D. Ohio Nov. 20, 2009), (Boyko, J.); *Newsome v. Brunsman*, No. 1:08CV1938, 2010 WL 319792, at *3 (N.D. Ohio Jan. 20, 2010)(Zouhary, J.); *Ashley v. Gansheimer*, No. 1:08CV2556, 2010 WL 1924459, at *4-*5 (N.D. Ohio May 12, 2010) (O'Malley, J.).

Petitioner also relies on *Miller v. Florida*, 482 U.S. 423 (1987), where the Supreme Court unanimously overturned a sentence imposed under Florida's sentencing guidelines where the

guidelines were amended upward between the offense date and the sentencing date. But in this case there was no increase in the statutory maximum sentence between the time of the offenses and the time of re-sentencing.

Petitioner also relies on *Cunningham v. California*, 549 U.S. 270 (2007), but there a California court elevated a sentence from 12 to 16 years on the basis of judicial fact-finding. In Ohio, the maximum sentences for the offenses of which Petitioner was convicted have not changed since before he committed those offenses.

Finally, Petitioner claims *Oregon v. Ice*, 555 U.S. 160 (2009), renders the *Foster* remedy unconstitutional. Not so. *Ice* holds that imposition of consecutive sentences by state court judges raises no *Blakely* concerns at all because there has traditionally been no jury involvement in deciding whether sentences would be served concurrently or consecutively.

## Conclusion

Petitioner has failed to show that the Ohio Court of Appeals decision in this case is an objectively unreasonable application of clearly established Supreme Court precedent. Therefore his sole ground for relief is without merit and the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

August 12, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).